

Elwood Staudinger 99607022
Federal Correctional Institute 2
Post Office Box 3850
Adelanto, California 92301

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ELWOOD STAUDINGER,  )
            Plaintiff,  )
                     )
v.  )
                     )
DUANE CHRISTY-CEO,  )
AARGON AGENCY, INCORPORATED, )
                     )
           Defendant.  )

Case No. CV15-8672 CAS (MRWX)

**COMPLAINT**

### A.  JURISDICTION

    1.    This is an action that alleges that this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a. The plaintiff is an individual residing in and a citizen of the state of California   ;

b. The defendant is a corporation organized and existing under the laws of the State of Nevada     with its principle place of business in Las Vegas    , NV .

c. There is a complete diversity of citizenship between plaintiff and the defendant.

### B.  DEFINITIONS

    2.    The plaintiff, Elwood Staudinger   is a "consumer" as defined by 15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly obligated to pay any debt."

    3.    The defendant, Aargon Agency Inc.     is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as " any person who uses any

1  instrumentality of interstate commerce or the mails in any business

2  the principle purpose of which is the collection of any debts, or who

3  regularly collects or attempts to collect, directly or indirectly, any

4  debts owed or due or asserted to be owedor due to another."

5  C.                    **STATEMENT OF THE CASE**

6      4.      On  July 10, 2015  , The plaintiff obtained a copy of his

7  credit report from Equifax Information Services, Experian Information

8  Solutions, and Trans Union Corporation which revealed that  Aargon Agency

9  Inc.      ("defendant") had placed an entry on plaintiffs credit

10  report which communicated that plaintiff allegedly had an account in

11  default with the defendant in the amount of $194.00  through

12  assignment from Original Creditor dated 09/01/2010 . See Exhibit A.

13      5.      On August 3, 2015    , the defendant took receipt of plaintiffs

14  "Notice of Relief", requesting the defendant validate the alleged debt

15  pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

16  § 1692g(a) and 1692g(b), through certified mail receipt which is numbered

17  70081830000450345424   and attached as **ExhibitB** . It should be noted that

18  the defendant refused top respond to plaintiffs validation request.

19  D.                         **CLAIM ONE**

20      6.      The plaintiff asserts that defendant violated section

21  15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act

22  when the defendant reported to Equifax Information Services, Experian

23  Information Solutions, and Trans Union Corpporation that the plaintiff

24  is in default with the defendant in the amount of $194.00   through

25  assignment from the original creditor . See Exhibit A.

26      7.      Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.)

27  which states, " The FDCPA prohibits the false representation of the

" character, amount, or legal status" of any debt. § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to create liability under this section. Clark, 460 F.3d at 1176."

8.      The defendant intended to manipulate the plaintiff by falsely representing that the alleged debt which is a violation of the Fair Debt Collections Practices Act ("FDCPA"). This constitutes a vilation of the "Act" as a matter of law.

9.      The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

E.                              <u>CLAIM TWO</u>

10.      The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the defendant communicated false information concerning the alleged debt that the plaintiff never owed to the defendant, nor had the alleged debt been assigned to the defendant. The defendant communicated to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation false information, stating that the defendant had been assigned to collect said debt from the plaintiff, and the plaintiff was in default for $ 194.00   to the defendant. See Exhibit A.

11.      Nelson v. Equifax Information Services. LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007) states, " in order to sustain a section 1692e(8) claim, a party must show that a debt collector communicated or threatened to communicate credit information which  they knew or should have known was false, including failing to communicate that debt was disputed".  Aargon Agency, Inc.        never had a valid assignment authorizing them to pursue and report to credit bureaus alleged debts

associated with the plaintiff.

11.    Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

F.                              **CLAIM THREE**

12.    Plaintiff asserts that defendant violated seection 15 U.S.C § 1692e(10) of the Fair Debt Collections Practices Act when the defendant used false and deceptive means to attempt to collect a debt from the plaintiff. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false misrepresentation.

13.    Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. Lexis 27057 (9th Cir. 2013) states, " A debt collector violates  section 1692e(10) if it 'use[s]... a false representation or deceptive means to  collect or attempt to collect any debt or to obtain information concerning a consumer ("a debt collectors representation that a debt is owed to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

14.    Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

G.                              **CLAIM FOUR**

15.    Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collections Practices Act when the defendant communicated the false representation that the alleged account was turned over to **Aargon Agency, Inc.**   for value to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation

**Page 4 of 9**

See Exhibit A. The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

16.    Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits " The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debto would be "deceived or mislead by the misrepresentation", quoting Wade v.Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

17.    The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C § 1692e(12) of the ("FDCPA").

H.                          **CLAIM FIVE**

18.    Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collections Practices Act when the defendant used unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that Aargon Agency, Inc. had obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with a debt owed to the defendant with the attempt to force the plaintiff to pay the $ 194.00    allegedly owed.

19.    Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

**Page 5 of 9**

20.    **Without limiting** the general application **of the** foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." **Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.**

21.    **Plaintiff hereby seeks** statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

I.                                    **CLAIM SIX**

22.    The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives Aargon Agency, Inc.     the legal right to pursue and report to credit bureaus alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt # 70081830000450345424     , which is attached as **Exhibit B**.

23.    Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, " If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion tereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification or

judgement, or name and address of the original creditor, is mailed to

the consumer by the debt collector." By Aargon Agency, Inc    refusing

to communicate with the plaintiff regarding the original creditor and

the alleged assignment or documents that granted the defendant the

right to report to the credit reporting agencies that the defendant

legally obtained the alleged debt.   The defendant is in violation of

section 1692g(b).

    24.   The plaintiff hereby seeks statutory damages in the amount

of $1,000.00 for the defendants violation of 15 U.S.C. § 1692g(b) of

the ("FDCPA").

J.                          **DAMAGES**

    25.   15 U.S.C. § 1692k - Civil Liablity - (a) Amount of Damages

- Except as otherwise prohibited by this section, any debt collector

who fails to comply with any provision of this title [15 USCS §§ et seq]

with respect to any person is liable to such person in an amount equal

to the sum of:

(2)(A) in the case of any action by an individual, such additional

damages as the court may allow, but not exceeding $1,000.00.

K.                      **REQUESTED RELIEF**

CLAIM ONE:  A  violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA")

is $1,000.00 for the false representation of debt reported to Equifax

Information Services, Experian Information Solutions, and Trans Union

Corporation.

**TOTAL DAMAGES:**          + $3,000.00

CLAIM TWO: A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

**TOTAL DAMAGES:**        + $3,000.00

CLAIM THREE: A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**        + $3,000.00

CLAIM FOUR: A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**        + $3,000.00

CLAIM FIVE: A violation of 15 U.S.C § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to the three major credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation of the unconscionalbe means to collect.

**TOTAL DAMAGES:**        + $3,000.00

CLAIM SIX: A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00 for refusing to validate the alleged debt that the defendant reported to the three credit reporting agencies, Equifax Inforamtion Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**        + $1,000.00

**Page 8 of 9**

# EXHIBIT



ELWOOD STAUDINGER
Report As Of: 7/10/2015



# Credit Cards, Loans & Other Debt

Here you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your report indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

## AARGON AGENCY INC

Unknown

**7022207037**
8668 SPRING MOUNTAIN RD
LAS VEGAS, NV 89117

| | |
|---|---|
| Account Name | AARGON AGENCY INC |
| Account # | 407500XXXX |
| Account Type | Other Collection Agencies |
| Balance | $194.00 |
| Past Due | $194.00 |
| Date Opened | 9/1/2010 |
| Account Status | |
| Mo. Payment | $0.00 |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| High Balance | $0.00 |
| Limit | $0.00 |
| Terms | 1 Month |
| Comments | |

### 24/Mo Payment History

| Month | 2013 | | | | | | 2014 | | | | | | | | | | | | 2015 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | CO |

## CONVERGENT OUTSOURCING

Unknown

**8004448485**
800 SW 39TH ST
RENTON, WA 98057

| | |
|---|---|
| Account Name | CONVERGENT OUTSOURCING |
| Account # | 8947XXXX |
| Account Type | Other Collection Agencies |
| Balance | $649.00 |
| Past Due | $649.00 |
| Date Opened | 3/1/2012 |
| Account Status | |
| Mo. Payment | $0.00 |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| High Balance | $0.00 |
| Limit | $0.00 |
| Terms | 1 Month |
| Comments | |

### 24/Mo Payment History

| Month | 2013 | | | | | | 2014 | | | | | | | | | | | | 2015 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | CO |

Personal Information    Report Summary    Bankruptcies    Credit Inquiries    Credit Cards & Loans *Page 1 of 2*

Page

# EXHIBIT

# B

Tracking Number: 70081830000450345424

## Product & Tracking Information

### Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **August 3, 2015 , 11:13 am** | **Delivered** | **LAS VEGAS, NV 89117** |

Your item was delivered at 11:13 am on August 3, 2015 in LAS VEGAS, NV 89117.

| August 1, 2015 , 11:15 pm | Departed USPS Facility | LAS VEGAS, NV 89199 |
| August 1, 2015 , 12:30 pm | Arrived at USPS Facility | LAS VEGAS, NV 89199 |
| August 1, 2015 , 1:23 am | Departed USPS Facility | SAN BERNARDINO, CA 92403 |
| July 31, 2015 , 10:51 pm | Arrived at USPS Facility | SAN BERNARDINO, CA 92403 |
| July 31, 2015 , 9:06 am | Arrived at USPS Facility | ADELANTO, CA 92301 |

## Track Another Package

Elwood Staudinger 99607072
Federal Correctional Institute 2
Post Office Box 3850
Adelanto, California 92301



Civil Section, Clerks office, Room 619
312 North Spring St.
Los Angeles, CA 90012



DATE:
FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 5400
C/O MAILROOM
ADELANTO, CA 92301
NOV 0 3 REC'D
The enclosed letter was processed through special
mailing procedures for forwarding to you. The letter
has neither been opened nor inspected. If the writer
raises a question or problem over which this facility
has jurisdiction, you may wish to return the material
for further information or clarification.
If the writer encloses correspondence for forwarding
to another address, please return the enclosure to
the above address.