UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:15-cv-08672-CAS(MRWx) | Date | May 13, 2016 |
|---|---|---|---|

| Title | ELWOOD STAUDINGER v. DUANE CHRISTY, ET AL. |
|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS (Dkt. 17, filed February 9, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of May 16, 2016, is vacated, and the matter is hereby taken under submission.

**I. INTRODUCTION**

On November 15, 2015, pro se plaintiff Elwood Staudinger ("plaintiff") filed the instant action against defendants Duane Christy and Aargon Agency, Inc. ("Aargon") (collectively, "defendants").[1] Dkt. 1 (Compl.). Plaintiff's complaint asserts various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, et seq.

On February 9, 2016, defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 17 ("Motion"). On March 1, 2016, plaintiff filed an opposition to the instant motion. Dkt. 19 ("Opp'n"). On May 2, 2016, defendants filed a reply. Dkt. 26 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] The Court notes that "in general, courts must construe pro se pleadings liberally." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (citing Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-08672-CAS(MRWx) | Date | May 13, 2016 |
| Title | ELWOOD STAUDINGER v. DUANE CHRISTY, ET AL. | | |

## II. BACKGROUND

Plaintiff alleges that on July 10, 2015, he obtained a copy of his credit report from Equifax Information Services, Experian Information Solutions, and TransUnion Corporation (collectively, "the credit reporting agencies"). Compl. at ¶ 4. According to the complaint, these credit reports revealed that defendant Aargon Agency, Inc. "had placed [an allegedly false] entry on plaintiff[']s credit report which communicated that plaintiff allegedly had an account in default with the defendant in the amount of $194.00." Id. Plaintiff further alleges that on August 3, 2015, defendant Aargon Agency, Inc. "took receipt of plaintiff[']s 'Notice of Relief'. . . [which] request[ed] [that] defendant validate the alleged debt pursuant to the [FDCPA]," but Aargon ultimately did not validate the debt or otherwise respond to plaintiff's request. Id. at ¶ 5.

The remainder of the complaint alleges violations of specific provisions of the FDCPA, including 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), 1692e(12), 1692f(1), and 1692g(b).

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08672-CAS(MRWx) | Date | May 13, 2016 |
| Title | ELWOOD STAUDINGER v. DUANE CHRISTY, ET AL. | | |

Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV. DISCUSSION

The FDCPA "comprehensively regulates the conduct of debt collectors," and "is a strict liability statute." Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1060-61 (9th Cir. 2011); see also Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1174-77 (9th Cir. 2006) (concluding that the FDCPA holds debt collectors strictly liable). "In enacting the FDCPA, Congress sought to counter the abusive, deceptive and unfair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08672-CAS(MRWx) | Date | May 13, 2016 |
| Title | ELWOOD STAUDINGER v. DUANE CHRISTY, ET AL. | | |

debt collection practices sometimes used by debt collectors against consumers. The Act allows aggrieved parties to recover damages, attorney's fees and costs." Turner v. Cook, 362 F.3d 1219, 1226 (9th Cir. 2004). In order to state a claim for relief under the FDCPA, a plaintiff must show that (1) he or she is a "consumer," (2) the defendant is a "debt collector," and (3) the defendant has acted or failed to act in violation of the FDCPA. Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009).

    **A.**    **FDCPA Sections 1692e, 1692f, and 1692g**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08672-CAS(MRWx) | Date | May 13, 2016 |
| Title | ELWOOD STAUDINGER v. DUANE CHRISTY, ET AL. | | |

**1.     Section 1692e**

Section 1692e of the FDCPA "broadly prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.' " Gonzales, 660 F.3d at 1061 (quoting 15 U.S.C. § 1692e). The section also provides "a non-exhaustive list of sixteen practices that violate this general prohibition," Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1119 (9th Cir. 2014), and plaintiff here cites to four of these practices, as specified in the following sections of the FDCPA: 1692e(2)(A), 1692e(8), 1692e(10), and 1692e(12).

Section 1692e of the FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. As is relevant here, section 1692e(2)(A) prohibits the false representation of "the character, amount, or legal status of any debt"; section 1692e(8) prevents "[c]ommunicating . . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"; section 1692e(10), which "has been referred to as a 'catchall' provision," Gonzales, 660 F.3d at 1062, prevents the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"; and finally, section 1692e(12) prevents the "false representation or implication that accounts have been turned over to innocent purchasers for value."

Upon a review of the complaint, which the Court must construe liberally, see supra n.1, the Court concludes that plaintiff has sufficiently stated his claims for various violations of section 1692e of the FDCPA. Plaintiff alleges that defendant communicated "false information"—i.e., that Aargon had been "assigned to collect [a] debt from the plaintiff, and [that] the plaintiff was in default for $194.00 to the defendant"—to three credit reporting agencies. Compl. at ¶ 10. Defendant allegedly did so despite "never ha[ving] a valid assignment authorizing [it] to pursue and report to credit bureaus alleged debts associated with the plaintiff." Id. at ¶ 11. Plaintiff further alleges that "defendant never received [an] assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff," and therefore violated section 1692e when it "communicated [to the credit reporting agencies] the false representation that the alleged account was turned over to Aargon Agency, Inc. for value." Id. at ¶ 15; see also id. at ¶ 12 (alleging that "[b]y communicating false information," defendant "attempted to gain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-08672-CAS(MRWx) | Date | May 13, 2016 |
|---|---|---|---|
| Title | ELWOOD STAUDINGER v. DUANE CHRISTY, ET AL. | | |

an advantage of an unsophisticated consumer [i.e., plaintiff] through false misrepresentation").

In its motion to dismiss, which contains little reference to caselaw and minimal supporting argument, defendants offer various reasons why plaintiff's complaint should be dismissed. Ultimately, defendants' arguments are unavailing. For example, defendants argue that "the Complaint contains no allegation that [d]efendants had knowledge or the intent to falsely misrepresent [p]laintiff's debt." Motion at 3. However, this argument fails because "[t]he FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." Gonzales, 660 F.3d at 1061. That is, "[w]hether conduct violates §§ 1692e . . . requires *an objective analysis* that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.' " Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010) (emphasis added) (quoting Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007)). Defendants also argue that contrary to the allegations in the complaint, defendants "did [in fact] purchase [p]laintiff's consumer debt account for value." Motion at 3. Of course, any such contention is of little relevance at the pleading stage, where the Court takes plaintiff's factual allegations as true. Indeed, throughout its motion, defendants repeatedly attempt to contradict factual allegations in the complaint rather than assert that plaintiff's allegations, accepted as true, are insufficient to state claims for violations of the FDCPA. See, e.g., Motion at 4 (including a "Summary of Facts" that cites to information not referenced or otherwise attached to the complaint).

Accordingly, the Court concludes that plaintiff has sufficiently alleged violations of 1692e(2)(A), 1692e(8), 1692e(10), and 1692e(12).

### 2. Section 1692f

Much like section 1692e's various provisions, section 1692f(1) of the FDCPA prevents the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Plaintiff asserts that defendants violated section 1692f(l) by "attempt[ing] to force the plaintiff to pay the $194.00" by falsely "reporting to [credit rating agencies] that Aargon Agency, Inc. obtained legal permission [to collect this amount], documented by a valid assignment that the plaintiff was now in default." Compl. at ¶ 18. Throughout the complaint, plaintiff essentially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08672-CAS(MRWx) | Date | May 13, 2016 |
| Title | ELWOOD STAUDINGER v. DUANE CHRISTY, ET AL. | | |

alleges that defendants were not permitted to collect the alleged debt of $194.00. Although defendants note that plaintiff has not alleged that defendants improperly sought to collect any amount "*incidental* to the principal obligation," as opposed to simply seeking the principal amount of $194.00, defendants cite no authority holding that section 1692f(1) applies only to the collection of such amounts. Indeed, this section of the FDCPA covers "collection of any amount (*including* [but not limited to] any interest, fee, charge, or expense incidental to the principal obligation)." 15 U.S.C. § 1692f(1).

Accordingly, the Court concludes that plaintiff has sufficiently alleged a violation of section 1692f(1).

### 3. Section 1692g

In addition, plaintiff alleges that defendant violated section 1692g(b) of the FDCPA, which "requires a debt collector, who receives from a consumer written notice disputing a debt, to cease collection of the debt directly from the consumer until it has obtained either verification of the debt or a copy of a judgment and provided it to the consumer." Guerrero, 499 F.3d at 934. Specifically, plaintiff alleges that in August 2015, he "request[ed] [that] the defendant validate the alleged debt," but that defendant "refused to[] respond to plaintiff[']s validation request." Compl. at ¶ 5. Plaintiff further alleges that defendant "refus[ed] to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt." Id. at ¶ 23. In its motion, defendant simply challenges the veracity of such allegations, insisting that in actuality, defendant "provided a September 3, 2014 letter referencing the fact that the alleged consumer debt had been closed and that information previously furnished to a credit reporting agency would be deleted upon the next reporting cycle." Motion at 8. Defendant further avers that "[t]he information was in fact deleted on October 6, 2015 in accordance with the Fair Credit Reporting Act because Defendants were unable to validate the debt." Id. Again, defendants are impermissibly attempting to refute plaintiff's factual allegations rather than arguing that such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-08672-CAS(MRWx) | Date | May 13, 2016 |
| Title | ELWOOD STAUDINGER v. DUANE CHRISTY, ET AL. | | |

allegations, accepted as true, fail to state a claim. Accordingly, defendants' motion as to the alleged violation of section 1692g(b) must be denied.[2]

## V. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**.

Specifically, defendant "Duane Christy-CEO" is **DISMISSED** from this action without prejudice. Defendants' motion to dismiss the remainder of the complaint is otherwise **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[2] In their reply, defendants rightly note that the complaint contains no allegations whatsoever as to conduct of defendant "Duane Christy-CEO," who is named on the caption page of the complaint but who is otherwise not mentioned in plaintiff's factual allegations. In light of the lack of any factual allegations against him, defendant Duane Christy is dismissed from this action without prejudice.